741 So.2d 774 (1999)
STATE of Louisiana, Plaintiff-Appellee,
v.
Burt RICO, Defendant-Appellant.
No. CR99-158.
Court of Appeal of Louisiana, Third Circuit.
June 2, 1999.
Writ Denied December 10, 1999.
*775 Jerold Edward Knoll, Marksville, Norris J. Greenhouse, Asst. Dist. Atty., for State of La.
Thomas A. Nelson, New Roads, for Burt Rico.
BEFORE: THIBODEAUX, COOKS, and PICKETT, Judges.
THIBODEAUX, Judge.
Defendant, Burt Rico, appeals a jury conviction for stalking, La.R.S. 14:40.2, on the basis of insufficiency of the evidence to sustain a guilty verdict. Because we conclude that the State failed to prove a "repeated following," we reverse the Defendant's conviction and order that an acquittal be entered.

FACTS
On the evening of March 16, 1997, eighteen year old Suzanne Duhon ("Suzanne"); her three-month-old daughter, Abby; and her mother, Charlotte Duhon ("Ms. Duhon"), returned from a trip to Wal-Mart in Marksville, Louisiana to Ms. Duhon's apartment in Simmsport, Louisiana. As they were unloading packages from Suzanne's vehicle, two men in a pickup truck passed. As the truck passed, the driver leaned out and hollered "Hey Baby." The driver was identified by Suzanne and Ms. Duhon as the Defendant.
After unloading the packages, Suzanne returned to her vehicle preparing to go to her home a few blocks away. The Defendant pulled his truck to the stop sign at the end of Ms. Duhon's road, made a right turn, and then pulled over on the side of the road. As Suzanne passed the Defendant by the side of the road, he pulled behind her and began following her.
Ms. Duhon noticed the Defendant pull behind Suzanne and she became concerned. Consequently, Ms. Duhon ran to her vehicle to follow Suzanne and the Defendant.
Upon noticing the Defendant following her, Suzanne turned onto a side road to go to her home. When she reached her home, Suzanne ran inside and yelled to her thirteen-year-old brother, Jeffery Duhon, to get into her car. Suzanne then drove out of her driveway. The Defendant turned his vehicle around and proceeded to follow Suzanne. In an attempt to lose the Defendant, Suzanne turned behind a fish market. When she pulled around the fish market, the Defendant proceeded behind her.
At this point, Ms. Duhon caught up with her daughter and yelled for her to go to Dan and Evelyn's Café in Simmsport to call the police. Suzanne proceeded to the café located on Highway One and the Defendant proceeded to Martin Luther King *776 Drive. Ms. Duhon continued to follow the Defendant and recorded his license plate number. The Defendant then stopped, exited his vehicle and inquired if Ms. Duhon had a "f problem." Ms. Duhon then left to meet her children at the café. The entire incident lasted five (5) to ten (10) minutes.

LAW AND DISCUSSION
The Defendant assigns as the sole error that the evidence was insufficient to support Defendant's conviction.
The Defendant specifically contends two elements of the crime of stalking: a) repeated following;[1] and, b) specific intent to place a person in fear of death or bodily injury, were not proven beyond a reasonable doubt by the State.
Louisiana Revised Statutes 14:40.2 provides:
A. Stalking is the willful, malicious, and repeated following or harassing of another person with the intent to place that person in fear of death or bodily injury.
. . . .
C. For the purposes of this Section, the following words shall have the following meanings:
(1) "Harassing" means engaging in a knowing and willful pattern of conduct directed at a specific person which seriously alarms, annoys, or distresses the person, and which serves no legitimate purpose. The conduct must be such as would cause a reasonable person to suffer substantial emotional distress and must actually cause substantial emotional distress to the person.
(2) "Pattern of conduct" means a series of acts over a period of time, however short, evidencing an intent to inflict a continuity of emotional distress upon the person. Constitutionally protected activity is not included within the meaning of pattern of conduct.

A. Repeated Following
The Defendant does not contest following the victims but argues the State failed to prove his conduct was a "repeated" following within the meaning of La.R.S. 14:40.2.
Defendant contends La.R.S. 14:40.2 fails to define "repeated" but submits the term "repeated" has the same definition as the phrase "pattern of conduct" defined in Section (C)(2) of the statute. Defendant explains "pattern of conduct" as defined in the statute refers to a series of two or more separate noncontinuous acts evidencing a continuity of purpose.
Defendant submits the statute requires perpetrators to engage in a repeated series of acts over a period of time evidencing a continuity of purpose to be guilty of stalking. Defendant contends it was not the legislature's intent in adopting the statute to penalize a single action of following of a person with no prior relationship with the Defendant.
The State argues the evidence was sufficient to prove Defendant's conduct was a "repeated" following within the meaning of the statute. The State points out the definition of the "pattern of conduct" contained in the statute refers to a series of acts over a period of time, however short. The State contends the testimony of the witnesses establishes that the Defendant followed Suzanne at least three times: 1) when she left her mother's premises; 2) from her residence; and 3) from the fish market.
Penal statutes are strictly construed against the state and in favor of the defendant, who is entitled to the benefit of *777 any genuine ambiguity. State v. Russland Enterprises, 555 So.2d 1365 (La.1990).
Louisiana Revised Statutes 14:40.2 does not define the term "repeated." Additionally, we conclude that the definition of "pattern of conduct" given in La.R.S. 14:40.2(C)2 is not applicable to the term "repeated" contained in Section 14:40.2(A) of the statute but further defines the term "harassing" contained in Section C(1) of the statute. Webster's Dictionary defines "repeated" as "renewed or recurring again and again."
The Defendant's conduct, although improper, was not a renewed or recurring following. The evidence supports the conclusion that the conduct was a continuous following which occurred once. Thus, viewing the word "repeated" in its usual sense and resolving any doubt or ambiguity of the statute in favor of the Defendant, the State failed to prove the Defendant's conduct was a "repeated" following.

B. Specific Intent
The State failed to present sufficient facts and circumstances to prove the Defendant had the requisite intent to place the victims in fear of death or bodily injury.
The Defendant did not verbally threaten Suzanne; the only words he said to her were "Hey Baby." When Suzanne stopped at her home and exited her vehicle to get her brother, the Defendant did not stop but passed Suzanne's home and turned around. Although the Defendant followed Suzanne and Jeff Duhon at a very close distance, he did not ram or hit Suzanne's vehicle. When Suzanne turned behind the fish market in an attempt to lose the Defendant, he did not pursue her behind the building but waited for her to come around the building. Further, when the Defendant confronted Ms. Duhon he shouted profanity but made no threatening moves or actions.
When the evidence is viewed in the light most favorable to the prosecution, it is insufficient to infer from the circumstances that the Defendant had the specific intent to place the victims in fear of death or bodily injury.

CONCLUSION
For the foregoing reasons, the Defendant's conviction is reversed, his sentence set aside and an acquittal ordered and entered into the record as the State failed to prove beyond a reasonable doubt the elements of a "repeated following" and/or "specific intent to place the victims in fear of death or bodily injury."
CONVICTION REVERSED; SENTENCE SET ASIDE AND AN ACQUITTAL ORDERED.
NOTES
[1] The bill of information charged the Defendant with a repeated following and not repeated harassing.